FILED
November 21, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | Case No: EP:23-CR-02367-KC |
| Plaintiff, | § § | **I N D I C T M E N T** |
| v. | § § | **CT 1:** 18:933-Trafficking in Firearms; |
| EDUARDO QUINTANA-SOTELO, | § § | **CT 2:** 18 U.S.C. 922(g)(1) Felon in Possession of a Firearm; |
| Defendant. | § § § § § § § § § § § § § § § | **CT 3:** 21:841(a)(1)-Possession with Intent to Distribute a Controlled Substance; **CT 4:** 21:841(a)(1)-Possession with Intent to Distribute a Controlled Substance; **CT 5:** 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; and **CT 6:** 18 U.S.C. § 924(c)(1)(A)-Firearm Used or Carried in Crime of Violence or Drug Trafficking Crime. *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

**COUNT ONE**
(18 U.S.C. § 933(a)(1), (a)(3) & (b))

That beginning on or about October 30, 2023, in the Western District of Texas, and elsewhere, defendant,

**EDUARDO QUINTANA-SOTELO,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 18, United States Code, Section 933, that is to say, they conspired to ship, transport, transfer, cause to be transported, and otherwise disposed of a firearm, to wit, FN, Model: M249 Saw, Caliber: 5.56X45mm rifle, Serial Number M249SA06449, to another person in and

otherwise affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony as defined in section 932(a). All in violation of Title 18, United States Code, Section 933(a)(1), (a)(3) and (b).

## COUNT TWO
(18 U.S.C. § 922(g)(1))

On or about October 30, 2023, in the Western District of Texas, the Defendant,

**EDUARDO QUINTANA-SOTELO,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, an FN M249 Squad Automatic Weapon ("SAW"), Caliber 5.56X45mm rifle, serial number M249SA06449, and the firearm had travelled in and affected interstate and foreign commerce, in violation of 18 U.S.C. §922(g)(1).

## COUNT THREE
(21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(vi))

That on or about January 26, 2022, in the Western District of Texas, Defendant,

**EDUARDO QUINTANA-SOTELO,**

did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

## COUNT FOUR
(21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(vi))

That on or about September 25, 2023, in the Western District of Texas, Defendant,

**EDUARDO QUINTANA-SOTELO,**

did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

### COUNT FIVE
(21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(A)(vi))

That beginning on or about January 2, 2022, up to and including October 28, 2023, in the Western District of Texas, Defendant,

**EDUARDO QUINTANA-SOTELO,**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (otherwise known as fentanyl), a Schedule II Controlled Substance, with intent to distribute same, contrary to Title 21, United States Code, Section 841(a)(1) and the quantity of the mixture or substance containing a detectable amount of fentanyl involved in the conspiracy and attributable to the Defendant as a result of the Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to the Defendant is 400 grams or more, all in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A)(vi).

### COUNT SIX
(18 U.S.C. Sec. 924(c)(1)(A))

On or about October 30, 2023, in the Western District of Texas, the Defendant,

**EDUARDO QUINTANA-SOTELO,**

knowingly used a FN M249 SAW, Caliber 5.56X45mm rifle, serial number M249SA06449, during and in relation to a drug trafficking crime, which may be prosecuted in a court of the United States, that is Conspiracy and Possession with Intent to Distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (otherwise known as fentanyl), a Schedule II Controlled Substance, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Firearms Trafficking Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 933(a)(1), 933(a)(3) and 933(b), subject to forfeiture pursuant to Title 18 U.S.C §§ 934(a)(1)(A) and (B)]

As a result of the criminal violations set forth in Count One, the United States of America gives notice to Defendant **EDUARDO QUINTANA-SOTELO** of its intent to seek the forfeiture of the property described below upon conviction and pursuant to FED. R. CRIM. P. 32.2, Title 18 U.S.C. §§ 934(a)(1)(A) and (B), which state:

> **Title 18 U.S.C. § 934. - Forfeiture and Fines**
> **(a) Forfeiture.**
>   (1) In General.— Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—
>     (A) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and
>     (B) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

### II.
### Firearm Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth in Counts Two and Six, the United States of America gives notice to Defendant **EDUARDO QUINTANA-SOTELO** of its intent to

seek the forfeiture of the property described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 states, in pertinent part, the following:

> **Title 18 U.S.C. § 924.**
> \* \* \*
>> **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

### III.
### Drug Violation and Forfeiture Statutes
### [Title 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(vi), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2)]

As a result of the foregoing criminal violations set forth in Counts Three through Five, the United States gives notice to Defendant **EDUARDO QUINTANA-SOTELO** of its intent to seek the forfeiture of the property described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2), which state:

> **Title 21 U.S.C. § 853. Criminal Forfeitures**
> **(a) Property subject to criminal forfeiture**
> \* \* \*
>> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

The Notice of Demand of Forfeiture includes but is not limited to the Property and Money Judgment described in Paragraphs IV and V.

### IV.
### Property

1. FN, Model: M249 Saw, Caliber: 5.56X45mm rifle, Serial Number M249SA06449; and
2. Any and all firearms, ammunition, and/or accessories used or intended to be used in the commission of the criminal offense.

## V.
## Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Counts One through Five for which Defendant **EDUARDO QUINTANA-SOTELO** is liable.

## Substitute Assets

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendant up to the value of the forfeitable property.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: 
Assistant United States Attorney